UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX JOSEPH GRAVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-913 NAB |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court upon the motion of self-represented Plaintiff Alex Joseph Graville to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the filings in this matter, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff initiated this civil action against the United States by filing a complaint form titled for the "United States Court of Federal Claims." ECF No. 1 at 1. It is unclear if Plaintiff is trying to assert a claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346; however, if so, Plaintiff makes no attempt to explain how the United States is involved in his case. Plaintiff asserts claims against two individuals, "David Montani of Clayton Behavioral" and "Mohd Malik of CenterPointe Hospital," who are both employees of private organizations which provided Plaintiff with mental health services. *Id.* at 1-2. Plaintiff alleges that he accused "Teri Graville" of

"repurposing medication," and that accusation resulted in Plaintiff being hospitalized and medicated against his will. *Id.*

For relief, Plaintiff seeks financial compensation in the amount of 24 million dollars. *Id.* at 3-4; ECF No. 1-4 at 1.

### Motion to Amend and Amended Complaint

Three weeks after this case was initiated, Plaintiff filed a motion seeking to amend. ECF No. 4. In the motion, Plaintiff states that he would like to amend the named defendants in this matter because "the fault does not fall within the hands of the United States." *Id.* at 1. Furthermore, Plaintiff states that he would like to change the nature-of-suit code associated with this case, as he originally filed the matter under code number 515 for "Unjust Conviction or Imprisonment" but he would like to change it to code number 195 for "Contract Product Liability." *Id.*

Plaintiff attached an amended complaint to his motion, filed on a form for civil cases "alleging breach of contract (28 U.S.C. § 1332; Diversity of Citizenship)." ECF No. 4-2. Plaintiff names five defendants: (1) David Montani (Psychiatrist at Clayton Behavioral); (2) Azfar Malik (Chief Medical Officer at CenterPointe Hospital); (3) Teri Graville (teacher); (4) Clayton Behavioral; and (5) CenterPointe Hospital. *Id.* at 1-3. Plaintiff alleges that he was drugged against his will "with a 300 mg prescription" which caused him to "sleep for multiple days and have sharp pains in [his] chest." *Id.* at 5. Also, he was forced "to undergo a stay [at] CenterPointe" due to "a possible diagnosis outlying" which allowed him "to be drugged to the point of urinating blood" and resulted in a metallic taste in his mouth and being threatened with an "injection of anesthesia." *Id.*

As to defendant David Montani, Plaintiff asserts that he entered into a written contract with Montani where they agreed to "[c]onfer with each other as to what medication would be prescribed through Clayton Behavioral which had no knowledge of the prescription written for 300 mgs." *Id.*

Plaintiff claims that Montani "failed to let the plaintiff know what prescription he would recieve [sic] and the prescription written is not FDA approved for what the defendant explicitly told the prescription would be for." *Id.*

Plaintiff seeks financial compensation in the amount of 50 million dollars for what he "was forced to endure and to make sure that a similar situation does not happen [to] another innocent person." *Id.*

## Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint*

*Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

It appears that diversity jurisdiction does not exist here because the parties are not completely diverse. Individual defendants (David Montani, Azfar Malik, and Teri Graville) reside in the same state as Plaintiff – Missouri. *See* ECF No. 4-2 at 1-2. Furthermore, although Plaintiff does not state where the corporate defendants are incorporated or where their principal place of businesses are located, Plaintiff lists Missouri addresses for both of them. *See Sanders*, 823 F.2d at 216 (stating that to establish complete diversity of citizenship, a complaint must include factual allegations of any corporate party's state of incorporation and its principal place of business). Based on the pleadings before the Court, it does not appear that this Court has jurisdiction. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend [ECF No. 4] is **GRANTED**. The Clerk of Court is directed to detach and docket ECF No. 4-2 as an Amended Complaint in this matter.

**IT IS FINALLY ORDERED** that Plaintiff must show cause in writing no later than **thirty (30) days** from the date of this Order, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice, for lack of jurisdiction.**

Dated this 1st day of  November, 2021.

                                                  HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE