## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ALEX JOSEPH GRAVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21CV913 NAB |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file.  On November 1, 2021, the Court ordered Plaintiff to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.  ECF No. 6.  The Court warned Plaintiff that a failure to timely comply with the Order could result in dismissal of this action without further notice.  Plaintiff has filed nothing in response to the Show Cause Order, and the time for doing so has expired.  Because there is not complete diversity of the parties here, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### Background

Plaintiff initiated this civil action against the United States by filing a complaint form titled for the "United States Court of Federal Claims."  ECF No. 1 at 1.  He asserted claims against two individuals, "David Montani of Clayton Behavioral" and "Mohd Malik of CenterPointe Hospital," who are both employees of private organizations which provided Plaintiff with mental health services.  *Id.* at 1-2.  Plaintiff accused "Teri Graville" of "repurposing medication," and that accusation resulted in Plaintiff being hospitalized and medicated against his will.  *Id.*

The Court granted Plaintiff's motion to amend and the amended complaint was docketed on November 1, 2021.  ECF No. 7.  Plaintiff's amended complaint was filed on a form for civil

cases "alleging breach of contract (28 U.S.C. § 1332; Diversity of Citizenship)" and it names five defendants: (1) David Montani (Psychiatrist at Clayton Behavioral); (2) Azfar Malik (Chief Medical Officer at CenterPointe Hospital); (3) Teri Graville (teacher); (4) Clayton Behavioral; and (5) CenterPointe Hospital. *Id.* at 1-3. Plaintiff alleges that he was drugged against his will "with a 300 mg prescription" which caused him to "sleep for multiple days and have sharp pains in [his] chest." *Id.* at 5. Also, he was forced "to undergo a stay [at] CenterPointe" due to "a possible diagnosis outlying" which allowed him "to be drugged to the point of urinating blood" and resulted in a metallic taste in his mouth and being threatened with an "injection of anesthesia." *Id.*

As to defendant David Montani, Plaintiff asserts that he entered into a written contract with Montani where they agreed to "[c]onfer with each other as to what medication would be prescribed through Clayton Behavioral which had no knowledge of the prescription written for 300 mgs." *Id.* Plaintiff claims that Montani "failed to let the plaintiff know what prescription he would recieve [sic] and the prescription written is not FDA approved for what the defendant explicitly told the prescription would be for." *Id.*

Plaintiff seeks financial compensation in the amount of 50 million dollars for what he "was forced to endure and to make sure that a similar situation does not happen [to] another innocent person." *Id.*

### Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Diversity jurisdiction does not exist here because the parties are not completely diverse. Individual defendants (David Montani, Azfar Malik, and Teri Graville) reside in the same state as Plaintiff – Missouri. *See* ECF No. 7 at 1-2. Furthermore, although Plaintiff does not state where the corporate defendants are incorporated or where their principal place of businesses are located, Plaintiff lists Missouri addresses for both of them. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (stating that to establish complete diversity of citizenship, a complaint must include factual allegations of any corporate party's state of incorporation and its principal place of business).

Nothing in Plaintiff's amended complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because the parties are not diverse. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE